UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 13 |
| | ) | |
| KRISTA ANN GRECO, | ) | No. 17 B 23828 |
| | ) | |
| Debtor. | ) | Judge Goldgar |

## FINAL PRETRIAL ORDER

This matter is set for hearing at the United States Courthouse, 219 South Dearborn Street, Courtroom 642, Chicago, Illinois, on November 3, 2017, at 9:30 a.m. on the motion of PNC Bank, N.A., for relief from the automatic stay *in rem*, or alternatively for relief from the stay and co-debtor stay. At the court's discretion, the hearing will continue from day to day until completed. Unless modified by the court, the following provisions will govern the course of proceedings in this case:

**1. Continuances.** The hearing date is firm. No continuance of the hearing date will be granted other than for exceptionally good cause shown. Any motion for continuance must be presented, with proper notice, at least fourteen (14) days before the hearing date.

**2. Discovery.** Discovery is expedited, and all response periods are reduced to fourteen (14) days. Discovery cut-off is October 13, 2017. This is a final discovery cutoff. All discovery must be completed by this date.

**3. Pleadings and Dispositive Motions.** No party has expressed a desire to file any potentially dispositive motions. No potentially dispositive motions will be entertained.

**4. Exhibits and Exhibit Lists.** On or before October 13, 2017, each party must exchange with the other parties (a) copies of all exhibits the party intends to introduce into evidence and (b) a list of the party's exhibits. Each proposed exhibit must be clearly numbered (not designated with a letter or other symbol) in the order of its probable presentation at trial. Each document must be given a separate exhibit number. Next to each exhibit on the exhibit list a brief description of the exhibit must be provided.

Demonstrative exhibits that the parties intend to use at trial must also be marked, included on the exhibit lists, and exchanged on or before October 13, 2017.

Each party must file its exhibit list (*but not the exhibits themselves*) with the court and must deliver to chambers on the filing date one (1) set of the exhibits and one (1) copy of the exhibit list. *If a party lists more than ten (10) exhibits, the exhibits themselves must be submitted in one or more three-ring binders, and the exhibits must be tabbed.* Group exhibits must be

sequentially paginated by Bates stamp or some comparable method.

No later than October 20, 2017, a party must file, serve, and deliver to chambers a list stating, as to each exhibit, whether there is an objection to the exhibit's admission. If there is an objection, a specific ground must be listed for the objection. Relevance objections need not be listed and are reserved for trial. Any other objection not listed is waived. Any objection as to which a specific ground is not listed is also waived.

**5. Witnesses and Witness Lists.** On or before October 13, 2017, each party must exchange with the other parties, and must file with the court, a list of all witnesses the party intends to call at the hearing, together with a brief description of the subject matter of the witness's testimony. One (1) copy of the witness list must be submitted to chambers on the filing date.

The list must be divided into three categories: (a) witness who *will* be called to testify; (b) witnesses who *may* be called to testify; and (c) witnesses whose testimony will be presented by deposition or other prior testimony (indicating whether the presentation will be by transcript or video).

All experts who will or may be called must be included on the witness list and must be specifically designated as "expert." A brief statement of the topic of each expert's testimony must be provided.

**6. Joint List of Stipulated Facts.** To the extent reasonably possible, the parties must stipulate to facts. On or before October 13, 2017, the parties must file with the court a joint list, signed by counsel, stating all facts to which the parties have stipulated. The stipulated facts will be deemed admitted into evidence.

**7. Depositions.**

**a. Transcribed depositions.** If deposition transcripts are to be read into evidence, on or before October 13, 2017, the parties must file with the court and serve on all other parties a list of the depositions, designating by page and line number the portions to be read. A list of counterdesignations by page and line number, and any evidentiary objections to the initial designations, must be filed and served seven (7) days later. Evidentiary objections to the counterdesignations must be filed and served seven (7) days after that.

Complete copies of the deposition transcripts showing the designated and counterdesignated testimony (designated testimony highlighted in yellow, counterdesignated testimony highlighted in pink or some other contrasting color), along with copies of evidentiary objections to any designated or counterdesignated deposition testimony, must be submitted to chambers seven (7) days before the hearing.

**b. Video depositions.** No video deposition may be used at the hearing unless a written transcript of the deposition has also been prepared. *See* Fed. R. Civ. P. 32(c) (made applicable by

Fed. R. Bankr. P. 7032).

If a party proposes to use a video deposition at the hearing, on or before October 13, 2017, the party must file with the court and serve on all other parties a list of the video depositions, designating by page and line number of the written transcript the portions to be shown at the hearing. A list of counterdesignations by page and line number, and any evidentiary objections, to the initial designations must be filed and served seven (7) days later. Evidentiary objections to the counterdesignations must be filed and served seven (7) days after that.

Complete copies of the written transcripts of the video depositions showing the designated and counterdesignated testimony (designated testimony highlighted in yellow, counterdesignated testimony highlighted in pink or some other contrasting color), along with copies of evidentiary objections to any designated or counterdesignated deposition testimony, must be submitted to chambers seven (7) days before the hearing.

The party proposing to offer video deposition testimony at the hearing must supply all equipment necessary to show the video testimony and must be prepared to operate the equipment at the hearing.

**8. Memoranda.** The debtor's response to the motion is due on or before September 29, 2017. PNC Bank's reply in support of the motion is due on or before October 13, 2017.

**9. Compliance with this Order**. Failure to comply with this Order *will* result in the imposition of appropriate sanctions pursuant to Rule 16(f), Fed. R. Civ. P. 16(f) (made applicable by Fed. R. Bankr. R. Rule 7016). These include, but are not limited to, the following:

   a. Any exhibit not listed and exchanged in accordance with this Order will not be admitted into evidence. A party who fails to exchange and file the list of exhibits that this Order requires will be precluded from introducing any exhibits into evidence. *In re Maurice,* 21 F.3d 767 (7th Cir. 1994).

   b. Any witness not identified and listed in accordance with this Order will be barred from testifying at the hearing. A party who fails to exchange and file with the court the list of witnesses that this Order requires will be barred from presenting any witnesses. *In re Maurice,* 21 F.3d 767 (7th Cir. 1994).

   c. Any legal claim, theory or argument not raised and thoroughly discussed in a party's memoranda with appropriate citations to legal authority will be deemed waived. The claim will not be considered, and no evidence relevant to it will be admitted. *SNA Nut Co. v. Haagen-Dazs Co.,* 302 F.3d 725 (7th Cir. 2002).

   d. Failure to file a response to the motion will bar the debtor from presenting any witnesses or introducing any evidence at trial. *In re Maurice,* 21 F.3d 767 (7th Cir. 1994).

-4-

Dated: September 11, 2017

_____
A. Benjamin Goldgar
United States Bankruptcy Judge